ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
RICHARD W. ABBEY, ESQ. (SBN: 053039)
RACHEL K. STEVENSON, ESQ. (SBN: 172525)
100 Stony Point Road, Ste. 200
Post Office Box 1566
Santa Rosa, California 95402-1566
Telephone No.: (707) 542-5050
Facsimile No.: (707) 542-2589
rstevenson@abbeylaw.com

Attorneys for Creditor/Moving Party
Sterling Savings Bank, Successor in Interest by Merger to Sonoma National Bank

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In Re:

RAY KHEM SHAHANI,

           Debtor.

Case No. 09-33549
Chapter 11

Date: August 6, 2010
Time: 10:00 a.m.
Location: 235 Pine Street, 19th Fl. San Francisco, CA
Courtroom: 22

### STERLING SAVINGS BANK'S OBJECTION TO DEBTOR'S MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

COMES NOW, Sterling Savings Bank, as successor in interest by merger to Sonoma National Bank ("Sterling") and, objects to the Debtor's Motion to Sell Property Free and Clear of Liens, Claims and Encumbrances, as follows:

### I. RELEVANT FACTUAL BACKGROUND

Sterling is the holder of a Promissory Note payable by the Debtor herein in the amount of $1,400,000 (the "Promissory Note.") (*See Declaration of Lori Crechriou,* ¶ 2.) The Promissory Note is secured by a First Deed of Trust and Assignment of Rents against the Debtors' real property located at **16390 Fourth Street, Guerneville, CA; A.P.N. 070-030-010-000** (the "Property"). (*See Declaration of Lori Crechriou,* ¶ 2.) The Promissory Note is further secured by a Security Agreement and recorded UCC-1 Financing Statement, which cover all "Chattel Paper, Accounts, Equipment, General Intangibles, Instruments, Furniture, Fixtures, Rents, Revenues and proceeds

from the sale of the Liquor License" belonging to the Debtor and Guerneville Business Corporation. (*See Declaration of Lori Crechriou,* ¶ 3.) The Property generates rental income that is subject to Sterling's Assignment of Rents. (*See Declaration of Lori Crechriou,* ¶ 4.) The rental income therefore constitutes Sterling's cash collateral and Sterling has not consented and does not consent to the use of its cash collateral. (*See Declaration of Lori Crechriou* ¶ 4.)

This Debtor has been operating his business on the Property, without a single payment to Sterling for more than eighteen months. (*See Declaration of Lori Crechriou,* ¶ 5.) The Debtor has been using Sterling's cash collateral without consent or court order since the inception of this bankruptcy. (*See Declaration of Lori Crechriou,* ¶ 4.) As is set forth in the accompanying Declaration of Lori Crechriou (*at* ¶7), approximately **$1,623,409.42** is currently due and owing to Sterling under the Promissory Note, as follows:

| | |
|---|---|
| Principal Balance: | $ 1,390,021.38 |
| Interest to 07/23/10: | $ 166,912.50 |
| Late Charges: | $ 7,930.13 |
| Forced Place Insurance (Hazard and Flood) | $ 31,604.16 |
| Foreclosure Costs | $ 8,912.25 |
| Appraisal Fees | $ 9,270.00 |
| Environmental Report | $ 464.00 |
| Site Visits | $ 295.00 |
| Legal Fees | $ 8,000.00 |

**TOTAL AMOUNT DUE:  $ 1,623,409.42**

On May 27, 2010, Sterling obtained relief from stay to foreclose on the subject real property, but agreed to a stay of the Order to allow the Debtor to file Motion for approval of a sale within thirty (30) days, and to close any such sale within thirty (30) days thereafter. That is what this Court's Order of June 9, 2010 provides.

## II. OBJECTIONS

### NONE OF THE REQUIREMENTS OF 11 U.S.C. § 363(f) ARE SATISFIED AND THIS MOTION MUST THEREFORE BE DENIED.

The Debtor may only sell property free and clear of any interest of another entity in the property if (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. (*11 U.S.C. § 363(f).*) The Debtor can satisfy none of the foregoing requirements, and the instant Motion must therefore be denied.

### A.   Sterling Does Not Consent to the Terms of Sale Proposed by this Motion.

Sterling does not consent to the proposed sale for several reasons. First, the terms of the sale proposed in the instant Motion conflict with Sterling's entitlement to relief from stay under this Court's June 9, 2010 Order. Pursuant to the Order of June 9, 2010, Sterling is entitled to relief on August 8, 2010, thirty days after the Debtor filed the subject Motion, unless the Debtor is able to close escrow before then. However, the Motion proposes a ninety (90) day escrow. No basis exists to allow for this additional time. Sterling is not willing to wait until October, while the Debtor operates, and collects revenues, through the peak season, to see if the Debtor can close this deal; and leave Sterling to try to sell the property in the rainy, winter months if the deal falls through. Absolutely no justification exists to modify this Court's Order of June 9, 2010, to provide for this result.

Second, the allocation of proceeds proposed by the Debtor is unwarranted. No basis exists for the Guerneville Business Corporation (the "GBC"), a corporation owned, operated and controlled by the Debtor (*see Declaration of Lori Crechriou,* ¶ 6), to receive $231,000 from the sales proceeds. That GBC failed to timely pay its payroll taxes, does not entitle it to receive sales proceeds ahead of Sterling. To the extent any taxes are payable from the sales proceeds ahead of Sterling – and payroll taxes junior in time to Sterling's Deed of Trust and UCC-1 are not included therein – those taxes should be paid directly to the taxing authorities as is customary in standard real

estate transactions. No authority exists for the GBC to receive sales proceeds to use to pay its delinquent payroll taxes. Sterling, as the holder of the first deed of trust and a senior security interest in all of the personal property belonging to the Debtor and the GBC, is entitled to the proceeds ahead of any and all junior lien holders, including holders of junior liens for unpaid taxes.

Finally, the Debtor's motion makes no mention of the liquor license, which is an integral asset to the Debtor's business, a bar and restaurant with a pool and hotel. Pursuant to the terms of Sterling's Security Agreement and recorded UCC-1, Sterling is entitled to the all proceeds from the sale of the liquor license. If the liquor license is being sold in connection with this sale, Sterling is entitled to those proceeds, as well.

Thus Sterling does not consent to the proposed sale, and this Motion must be denied unless the Debtor can demonstrate that he can satisfy one of the remaining provisions of 11 U.S.C. § 363(f).

**B.      No Other Provision of 11 U.S.C. § 363(f) Is Satisfied.**

The Debtor cannot satisfy any other provision of 11 U.S.C. §363(f). No applicable nonbankruptcy law permits the sale of the subject property free and clear of Sterling's interest. The property is not being sold for a price greater than the aggregate value of all liens on the property. Indeed, as was set forth in Sterling's prior Motion for Relief [Docket No. 38], more than $2,277,832.92 in secured debt encumbers the real property. Sterling's interest is not in dispute, and Sterling cannot be compelled to accept a money satisfaction of its interest. Accordingly, no portion of Section 363(f) is satisfied, and no basis exists for the approval of the sale of the Property free and clear of all liens as proposed. This Motion must therefore be denied.

### III. CONCLUSION

For all of the foregoing reasons, the instant Motion should be denied, and Sterling allowed to complete its Trustee's Sale any time after August 8, 2010 in accordance with the Court's June 9, 2010 Order.

Dated: July 23, 2010            ABBEY, WEITZENBERG, WARREN & EMERY

                                By:   /s/ Rachel K. Stevenson
                                      Rachel K. Stevenson, Esq.
                                      Attorneys for Sterling Savings Bank

# PROOF OF SERVICE

I am a citizen of the United States and employed in the County of Sonoma, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 100 Stony Point Road, Suite 200, Santa Rosa, California 95401.

On April 30, 2010, I served the following document(s):

1. **STERLING SAVINGS BANK'S OBJECTION TO DEBTOR'S MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

2. **DECLARATION OF LORI CRECHRIOU IN SUPPORT OF STERLING SAVINGS BANK'S OBJECTION TO DEBTOR'S MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Irvine, California, addressed as follows:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 23, 2010, at Santa Rosa, CA.

_/s/ Julie Heydel_
Julie Heydel

**SERVICE LIST
RAY KHEM SHAHANI
CASE NO. 09-33549**

---

**Debtor:**
Ray Khem Shahani
477 Ninth Ave, Suite 112
San Mateo, CA 94402

**Debtor's Counsel:**
Teresa A. Blasberg
Blasberg and Associates
526 N. Juanita Ave.
Los Angeles, CA 90004

**U.S. Trustee:**
Office of the U.S. Trustee / SF
Office of the U.S. Trustee
235 Pine St, Ste. 700
San Francisco, CA 94104

**20 Largest Unsecured Creditors:**

United Commercial Bank
711 Van Ness Ave. 5th Fl
San Francisco, CA 94102

Scott General Inc
40365 Brickyard Dr. #104
Madera, CA 93638

Chase Card Services
United Mileages Plus
P.O. Box 94014
Paltine, IL 60094

Bank of America
P.O. Box 15026
Wilminton, DE 19850

Ellis A Schoichet AIA
307 South B Street #12
San Mateo, CA 94401

HSBC Bank USA
PO Box 2103
Buffalo, NY 14240

Keffer Construction
244A 11th Street
San Francisco, CA 94103

TL Electric Inc

| | |
|---|---|
| 1 | 2220 Mora Drive<br>Mountain View, CA 94040 |
| 2 | |
| 3 | California State Board of Equalization<br>P.O. Box 730<br>Santa Rosa, CA 95402 |
| 4 | |
| 5 | Last & Faoro<br>520 S El Camino Real #430<br>San Mateo, CA 94402 |
| 6 | |
| 7 | Wells Fargo Business Direct<br>P.O. Box 348750<br>Sacramento, CA 95834 |
| 8 | |
| 9 | Strouss Bros Const Inc<br>1810 Almaden Rd.<br>San Jose, CA 95125 |
| 10 | |
| 11 | Mark J Romeo<br>235 Montgomery St.<br>San Francisco, CA 94104 |
| 12 | |
| 13 | Classic Glass, Inc<br>c/o David G. Bicknell, Esq.<br>2542 So. Bascom Ave.,#185 |
| 14 | Campbell, CA 95008 |
| 15 | Wilson Landscape Construction Inc<br>1993 East Bayshore Rd. |
| 16 | Redwood City, CA 94063 |
| 17 | GraniteRock/Pavex<br>120 Granite Rock Way |
| 18 | San Jose, CA 95136 |
| 19 | Martins Plastering Inc<br>1762 Rogers Ave. |
| 20 | San Jose, CA 95112 |
| 21 | Alexander J Perez<br>3200 Geary Blvd. 2nd Fl |
| 22 | San Francisco, CA 94118 |
| 23 | Timothy Le<br>95 Arago St. |
| 24 | San Francisco, CA 94112 |
| 25 | Emmanuel A Santos<br>447 Sutter St. #714 |
| 26 | San Francisco, CA 94108-4621 |
| 27 | |
| 28 | |